**Stanley M. PARISER, M.D., Appellant,**

v.

**CHRISTIAN HEALTH CARE SYSTEMS, INC., Appellee.**

No. 88–1484.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 22, 1988.

Decided Oct. 12, 1988.

Rehearing Denied Nov. 17, 1988.

---

Anthony J. Sestric, St. Louis, Mo., for appellant.

J. Thaddeus Eckenrode, Clayton, Mo., for appellee.

Before LAY, Chief Judge, and ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

This case is before us for the second time. It arises out of the suspension of the medical staff privileges of the plaintiff, Dr. Stanley M. Pariser, at the Southern Medical Center in Cairo, Illinois, which, before it closed, was a hospital managed by defendant Christian Health Care Systems, Inc. On the former appeal, we rejected most of Dr. Pariser's theories of recovery but held in his favor on a breach-of-contract claim. In particular, we determined that one member of the committee which suspended Dr. Pariser was biased against him, and that such partiality or bias amounts to a breach of contract under Illinois law. *Pariser v. Christian Health Care Systems, Inc.*, 816 F.2d 1248, 1251–52 (8th Cir.1987).

We summarized our holding as follows:

In conclusion, we reverse the rejection of Pariser's contract claim but affirm the denial of his remaining claims. The effect of this holding in practical terms will have to be determined on remand. Pariser is certainly entitled to a judgment declaring that defendant is in breach of contract. This may be the only relief that is appropriate. Much of the parties' arguments on this appeal has been directed to the question whether Pariser in fact falsified his application. The District Court found that he did, and we agree. Thus, it seems clear that the executive committee would have taken the action it did even if it had had three unbiased members, instead of only two. In this situation, there is a substantial question in our minds whether Pariser is entitled to the lost earnings he seeks. (Reinstatement is not in question: Southern Medical Center is no longer in operation.) The contract has been broken, all right, but if the same thing would have happened to Pariser anyway, the breach may not be a legal cause of any monetary damages. This question of relief should be decided under Illinois law. It has not been briefed in this Court, and we leave it to the District Court to decide on remand.

*Id.* at 1253 (footnote omitted).

On remand, the District Court [1] entered judgment in Dr. Pariser's favor and awarded him $10 as nominal damages. Applying Illinois law, the Court held that damages for breach of contract should place Dr. Pariser in the same position he would have been in if the contract had been performed. The Court found that if defendant had kept its contract, that is, if Dr. Pariser's case had been decided by a committee containing three unbiased members, instead of only two, the same result would have occurred. The Court made the following findings of fact on the point:

In this case, it appears likely that plain tiff would have been in no different position but for the breach, than if a com-

1. The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

pletely unbiased executive committee had considered his summary suspension. It is established that plaintiff lied in his application to the hospital for staff privileges and there was very strong evidence of this at the time of the meeting in question. The bylaws of the medical staff indicate that summary suspension is appropriate "whenever action must be taken immediately in the best interest of patient care." It is not unreasonable to assume that there are legitimate reasons for suspending a physician who has been terminated at another hospital and has attempted to conceal this fact from the administration of his current admitting hospital. It is not only likely that plaintiff would have been suspended even in the absence of Dr. Surpris, but his suspension would have been in all respects proper were there no biased members of the executive committee.

*Stanley M. Pariser v. Christian Health Care Systems, Inc.*, 681 F.Supp. 1381, 1385 (E.D.Mo.1988).

Dr. Pariser again appeals. He contends that the normal remedy for the kind of procedural breach he has established is a remand to the hospital committee with directions that it hold a new hearing and make a new decision, this time without participation of the biased member. If the new decision on remand is in favor of the aggrieved party, he is entitled, according to the plaintiff, to reinstatement and back pay up until the time of reinstatement. If the new decision is against him, he is nevertheless entitled to back pay for the period between the initial, invalid discharge and the later, valid decision. In the present case, plaintiff concedes, this relief is impossible, because the hospital has closed and there is no committee to which the case can be remanded. In this situation, it is argued, plaintiff is entitled to back pay for the period between the initial, invalid decision and the closing of the hospital, in this case, some four years and two months. Plaintiff's provable economic loss during this period of time, he says, is $403,057, and he asks us to remand the case again to the District Court with instructions to enter a judgment in his favor in this amount.

We disagree with this position. The remedy for a breach of contract is to put the plaintiff in the same position he would have been in had no breach occurred. The District Court has found as a fact that plaintiff would have been in no different position. If the hospital were still in existence, a remand might be required, on the theory that only a new, unbiased committee can decide for certain what would have happened at the time of the earlier decision, or what ought to happen now. In the present case, however, this remedy is no longer available. Plaintiff's position would net him over $400,000 in the face of a finding of fact that the breach of contract which occurred here had no practical effect. We do not believe that Illinois contract law requires any such result, and plaintiff has cited no Illinois case that persuades us otherwise.

The District Court's findings of fact are not clearly erroneous, nor has it committed any error of law. Accordingly, the judgment is

AFFIRMED.